IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 1:24-cv-00148-SKC-CYC

DWAYNE A. MILLER, JR.,

     Plaintiff,

v.

CHRISTINA GROKETT,

     Defendant.

## ORDER ADOPTING REPORT AND RECOMMENDATION (DKT. 93) RE: MOTION TO DISMISS (DKT. 65)

The matter is before the Court on Magistrate Judge Cyrus Y. Chung's Report and Recommendation (Dkt. 93) regarding Defendant Christina Grokett's (Dkt. 65) Motion to Dismiss. Judge Chung recommends Defendant's Motion be granted and this case be dismissed without prejudice because Plaintiff has failed to plead facts supporting his claims under the Eighth Amendment. Dkt. 93. No party filed any objection to Judge Chung's Recommendation and the time for doing so has lapsed.

As explained below, because the Court has satisfied itself that there is no clear error on the face of the record, the Court AFFIRMS and ADOPTS the Recommendation, which is incorporated herein.

1

## BACKGROUND

According to the allegations of the Amended Complaint, which the Court accepts as true for purposes of the Motion to Dismiss, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), Plaintiff Dwayne A. Miller broke his ankle and foot while incarcerated at the Limon Correctional Facility. *See* Dkt. 93 at p. 1. A doctor assessed Plaintiff's injury and recommended Plaintiff be referred to an orthopedic specialist within one week. *Id*. Although the doctor specifically spoke to Defendant Grokett regarding the importance of a follow-up visit, *id*. at pp. 2, Plaintiff neither was referred to nor saw a specialist until months after his injury. *Id*.

In addition, Plaintiff requested the use of a wheelchair and housing in the infirmary during his convalescence because the crutches he had been issued made him feel vulnerable in his assigned pod. *Id*. Defendant denied these requests. *Id*.

Although Plaintiff initially asserted 13 claims for relief, only three remain. Specifically, he contends Defendant Grokett violated his Eighth Amendment rights when she delayed referring him to the orthopedic specialist and denied his request for a wheelchair and infirmary housing. Dkt. 12. Defendant filed her Motion seeking dismissal on the basis Plaintiff had failed to allege any claims for relief. Dkt. 65. The Motion is fully briefed (Dkts. 86, 91) and Judge Chung issued his Recommendation on January 9, 2025. Dkt. 93.

Case No. 1:24-cv-00148-SKC-CYC   Document 97   filed 01/31/25   USDC Colorado
pg 2 of 4

## FINDINGS AND ORDERS

The Recommendation advised the parties they had 14 days after service of the Recommendation to serve and file specific written objections for this Court's consideration, citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). Dkt. 93 at p. 10 n.1. No party filed objections. As a result, they have waived *de novo* review of the Recommendation by this Court. *Thomas v. Arn*, 474 U.S. 140, 148-53 (1985).

When no party files objections, the district court may review a magistrate judge's recommendation under any standard it deems fit. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas,* 474 U.S. at 150 ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). The Court, therefore, reviews the Recommendation to satisfy itself that there is "no clear error on the face of the record." Fed. R. Civ. P. 72(b), 1983 Advisory Committee Notes. This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, which in turn is less than a *de novo* review. *See* Fed. R. Civ. P. 72(a) and (b).

The Recommendation is detailed and thorough and contains no clear error on the face of the record. And it correctly applies the law. In it, Judge Chung construes Plaintiff's claims liberally, identifies the elements of the Eighth Amendment claims, and explains why Plaintiff's Complaint, as drafted, fails to allege factual statements supporting the elements of his claims. Dkt. 93 at pp.3-9. Judge Chung also correctly

3

observes that because Plaintiff has not had an opportunity to amend based on the Recommendation's analysis, any dismissal should be without prejudice. *Id.* at p.10.

* * *

Because the Court finds "no clear error on the face of the record," it AFFIRMS and ADOPTS the Recommendation and GRANTS the Motion to Dismiss without prejudice.

DATED: January 31, 2025.

BY THE COURT:

S. Kato Crews
United States District Judge

4